UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JARMARCO MOORE, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 22-cv-01140 |
| | ) |
| HEART *et al.*, | ) |
|     Defendants. | ) |

## ORDER

**COLLEEN R. LAWLESS, United States District Judge:**

Defendants Garcia, Heart, Michael, McCurrel, Nelson, and Shubert filed a Motion for Summary Judgment (Doc. 28), asserting Plaintiff Jarmarco Moore did not exhaust his administrative remedies before filing his lawsuit. Plaintiff did not file a response. The Court grants Defendants' Motion for Summary Judgment for the following reasons.

I.    **Background**

In September 2022, Plaintiff filed a Motion for Leave to File an Amended Complaint. (Doc. 7) Plaintiff's pleading alleged constitutional violations committed at the Peoria County Jail ("Jail"). Specifically, Plaintiff asserted that the conditions of his confinement were not constitutionally adequate. Following Merit Review screening, the Court determined Plaintiff had sufficiently alleged a Fourteenth Amendment conditions of confinement claim against Defendants Doe, Garcia, Heart, McCurrel, Michael, Nelson, and Shumpert. (Doc. 9: p. 4:1.)

II.  **Defendants' Dispositive Motion**

    **A. Summary Judgment Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Zaya v. Sood*, 836 F.3d 800, 804 (7th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The moving party has the burden of providing documentary evidence to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "If the moving party has properly supported his motion, the burden shifts to the non-moving party to come forward with specific facts showing that there is a genuine issue for trial." *Spierer v. Rossman*, 798 F.3d 502, 507 (7th Cir. 2015).

A party opposing a supported motion for summary judgment must cite parts of the record or show that the materials cited do not demonstrate the absence of a genuine dispute. *Melton v. Tippeconoe County*, 838 F.3d 814, 818 (7th Cir. 2016). The court construes all facts in the light most favorable to the non-moving party, and all reasonable inferences must be drawn in his favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. A scintilla of evidence supporting the nonmovant's position is insufficient to defeat a motion for summary judgment; "there must be evidence on which the jury could reasonably find for the [non-movant]." *Id.* at 252.

**B. The Jail's Administrative Exhaustion Procedures**

Detainees receive an "Inmate Rules, Regulations, and Information" handbook, which describes the procedure for submitting grievances as follows:

> **INMATE COMPLAINTS**
>
> A. Complaint limitations – Complaints are only valid if they allege that services are substandard or that a rule, regulation, or officers' conduct is improper.
>
> B. Filing of a Complaint – All complaints must be submitted on the kiosk in the grievance section within five days of the alleged infraction.
>
> C. Response to Complaints – All complaints will be answered by a designated staff member.
>
> D. Appeals – An inmate not satisfied with the response to a complaint may, by submitting a kiosk grievance, ask that the answer be reviewed by the Correctional Superintendent or his designee within five days of the response. If still not satisfied with the response to a complaint after being reviewed by the Correctional Superintendent or his designee the inmate shall forward his or her complaint to the Illinois Office of Jail and Detention Standards.

(Doc. 31 at 10.)

**C. Material Facts**

Defendants' dispositive motion includes a section listing the undisputed material facts in this case. (Doc 33 at 2:6-15); *see also* Local Rule 7.1(D)(1)(b) (stating that a motion for summary judgment must include a section listing the undisputed material facts). Under Local Rule 7.1(D)(2)(b), a party opposing a motion for summary judgment must respond to the moving party's undisputed material facts and provide additional material facts, which must be supported by admissible evidence.

Plaintiff has not responded to Defendants' summary judgment motion. Under Local Rule 7.1(D)(2)(b)(6), a party's "failure to respond to any numbered fact will be deemed an admission of the fact." A district court does not abuse its discretion by strictly enforcing this rule, even against a *pro se* litigant. *Zoretic v. Darge*, 832 F.3d 639, 641 (7th Cir. 2016); *Greer v. Bd. of Educ.*, 267 F.3d 723, 727 (7th Cir. 2001). Therefore, the Court relies on Defendants' relevant and supported material facts in their motion.

Defendants provide an accounting of the thirty-five grievances Plaintiff submitted after he arrived at the Jail on December 3, 2021, until he filed his complaint on April 2, 2022. (Doc. 32 at 1-22; 32-1 at 1-14.) Defendants assert that none of the grievances Plaintiff submitted mention the conditions of his confinement at the Jail or allege claims against Defendants Garcia, Heart, Michael, McCurrel, Nelson, or Shubert.

**D. Analysis**

**1. Preliminary Issue**

On March 31, 2023, the Court entered a Scheduling Order that mandated Plaintiff identify Defendant Doe by May 30, 2023, or risk the Court dismissing Doe without prejudice. (Doc. 27 at 4:9.) Plaintiff neither filed a motion to substitute the identity of Doe nor moved for an extension of time before the deadline expired. Accordingly, the Court dismisses Doe without prejudice.

**2. Plaintiff's Failure to Respond**

As mentioned, Plaintiff did not file a response to Defendants' motion for summary judgment. As a result, Plaintiff fails to comply with Rule 56(c) in that he has not cited "particular parts of materials in the record" that support his opposition or

"show[] that the materials cited do not establish the absence…of a genuine dispute." Fed. R. Civ. P. 56(c)(1)(A), (B). The Court deems Plaintiff's failure an admission of the summary judgment motion. *See* Local Rule 7.1(D)(2) ("A failure to respond will be deemed an admission of the [summary-judgment] motion."). Although Plaintiff's failure to respond requires this Court to consider Defendants' factual assertions admitted, summary judgment in favor of the movant is not automatic. *Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006). The ultimate burden remains with Defendants to show that they are entitled to judgment as a matter of law. *Id*.

3. **Exhaustion of Administrative Remedies Standard**

Section 1997e(a) of the Prison Litigation Reform Act ("PLRA") provides the following guidance about administrative remedies:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life …." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

"Exhaustion of administrative remedies serves two main purposes." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). First, it provides an agency the "opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court and it discourages disregard of the agency's procedures." *Id*. Second, "exhaustion promotes efficiency" because claims can generally "be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court." *Id*.

The Seventh Circuit has taken a strict compliance approach to exhaustion, which requires a prisoner to pursue all available administrative remedies and follow the prison's procedural rules and deadlines. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id*. If an inmate does not follow the grievance procedure rules, she forfeits her claims and, is consequently barred from filing suit in federal Court even if administrative remedies are for practical purposes not available due to her procedural default. *Id*. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function without imposing some orderly structure on the course of its proceedings." *Woodford*, 548 U.S. at 90-91.

**4. Defendant's Affirmative Defense**

The Court reviewed the grievances Plaintiff submitted from December 14, 2021, to May 5, 2022. None concern the conditions of confinement Plaintiff alleges he was subjected to while at the Jail as outlined in his amended complaint. In addition, the reviewed grievances do not mention Defendants Garcia, Heart, McCurrel, Michael, Nelson, or Shubert.

Thus, given this record, the Court concludes that Defendants have satisfied their burden of showing that no genuine issue of fact exists that Plaintiff failed to exhaust his administrative remedies. Accordingly, the Court dismisses Plaintiff's case without prejudice. *See Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002) ("Dismissal for

failure to exhaust is without prejudice and so does not bar the reinstatement of the suit unless it is too late to exhaust . . . .").

**IT IS THEREFORE ORDERED:**

1) **Defendants' Motion for Summary Judgment [28] is GRANTED. The Clerk of the Court shall enter judgment in favor of Defendants and against Plaintiff. The case is terminated, with the parties to bear their own costs. All deadlines and internal settings are vacated. Plaintiff remains responsible for the $350 filing fee.**

2) **If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* MUST identify the issues the Plaintiff will present on appeal to assist the court in determining whether the appeal is taken in good faith. *See* Fed. R. App. P. 24(a)(1)(c); *See also Celske v Edwards*, 164 F.3d 396, 398 (7th Cir. 1999) (an appellant should be allowed to submit a statement of his grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith."); *Walker v O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (providing that a good-faith appeal is an appeal that "a reasonable person could suppose…has some merit" from a legal perspective). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.**

Entered June 5, 2023.

s/ *Colleen R. Lawless*
_____
**COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE**